M'Girk, C. J.,
delivered the opinion of the Court.
This was an action of trespass, quare clausum fregit. There are several counts in. the declaration, some of which alledge, that the defendant trespassed on the land, and that he disturbed the plaintiffs in the enjoyment of a ferry they had on the Mississippi river, at and adjoining to said land.
The plaintiffs gave evidence of the trespass on the land. They gave evidence of a contract between them and other persons, whereby they leased a ferry to Smith and Owsley, adjoining and at the land for two years ; the lessees were to find their own boats and hands, and were to procure a license from time to time from the County Court in their own name to ferry, &c. The lessees were to pay §45 for the lease, and the lessors covenanted to keep and maintain the lessees in peaceable possession, &c.
The plaintiffs offered evidence to show that the lessees had boats, hands, &c., and did exercise the rights of ferrymen j took pay, &e., and had a license. It was also proved that the defendant greatly disturbed the lessees in the enjoyment of their rights as ferrymen. The defendant objected to the introduction of this testimony. The Court let the testimony go to the jury, with an explanation that the acts of the lessees were the acts of the plaintiffs. The introduction of this evidence was wrong.
The law is, that the acts of an agent are the acts of the principal; but in this case the lessees are not agents of the plaintiffs; whatever injury was done by Stark to the ferry rights, were done to the legal rights of the lessees, for which the plaintiffs have no right to sue.
It is insisted that the injury done to lessees, is an injury to the reversion of the plaintiffs.
This cannot he so : a ferry in this country is not incident to the land, hut arises out of the license of the County Court. The plaintiffs, in fact and law, had no ferry; they had the land on the margin of the river. This land they could lease for the purpose of being used for a boat or ferry landing; and this is all they could do, unless they had a license to keep a ferry at that place; if they had, then they might lease or sell that privilege.
It is said the Court cured the error of admitting this evidence, by afterwards instructing the jury, that if they found the lessees had a ferry, then the plaintiffs could not recover; this instruction did not cure the error, for when the testimony was admitted *331 the Court laid the law down to be, that in this particular case, the lessees were the agents ■; assuming it to be the law, that afterwards if it were proved they were not the agents, then the injury done to them would be injuries to their individual rights, and for such injuries the present plaintiffs could not recover. The evidence ought to have been rejected. The judgment is remanded for further trial.